## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

STEPHEN P. KELLY,

                                               Civil No. 23-3358 (JRT/TNL)

                   Plaintiff,

v.

                                     **MEMORANDUM OPINION AND ORDER**

PLAID MOOSE INC., THE,                   **DISMISSING PLAINTIFF'S COMPLAINT**
                                           **WITHOUT PREJUDICE**

                   Defendant.

---

    Stephen P. Kelly, General Delivery, Worthington, MN 56187, *pro se* plaintiff.

    Stephen P. Kelly initiated this action against Plaid Moose Inc. for alleged professional interference, invasion of privacy, and unlawful practices of landlord and tenant transactions, which caused injury to Mr. Kelly.  (*See* Compl. ¶ 1, Nov. 1, 2023, Docket No. 1.)  Mr. Kelly applied to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(e).  (*See* App. Proceed in District Ct. without Prepaying Fees or Costs ("IFP App."), Nov. 1, 2023, Docket No. 2.)  Even though Mr. Kelly may qualify financially for IFP status, the Court finds that Mr. Kelly has failed to state a claim on which relief may be granted.  Accordingly, the Court will dismiss Mr. Kelly's complaint.

## BACKGROUND

    Mr. Kelly is a resident of Wyoming.  (Compl. ¶ 10.)  The corporate defendant, Plaid Moose Inc., has its principle place of business in Minnesota.  (*Id.* ¶ 11.)  Mr. Kelly alleges

that the amount in dispute in this action is greater than $75,000.  (*Id.* ¶ 12.)  He also alleges that he has no employer or income source.  (*See* IFP App. at 1–2.)

Mr. Kelly asserts that when he purchased coffee at the Plaid Moose in Slayton, Minnesota on September 1, 2023, one of the store's employees, Tonya, gave him a rental application for the Southgate Apartments, which is a low-income apartment complex in Slayton.  (Compl. ¶¶ 14–15.)  Mr. Kelly alleges that neither the Plaid Moose nor Tonya is an authorized leasing agent for that apartment complex.  (*Id.* ¶ 16.)  According to Mr. Kelly, when he declined the application, Tonya pressured him to accept it and even provided Mr. Kelly's telephone number to the property manager at Southgate Apartments.  (*Id.* ¶¶ 17–19.)  Mr. Kelly states that he ultimately resided at the Southgate Apartments for a short time, but that during that time he suffered religious-based discrimination, harassment, unlawful intimidation, and severe emotional hardship.  (*Id.* ¶¶ 20–21.)

Mr. Kelly brings two claims against the defendant.  First, Mr. Kelly claims that the Plaid Moose acted as a leasing agent for Southgate Apartments without a license or the appropriate authority.  (*Id.* ¶ 23.).  Second, Mr. Kelly claims the Plaid Moose violated his privacy by sharing his telephone number with the property manager at Southgate Apartments.  (*Id.* ¶ 24.)  According to Mr. Kelly, the Plaid Moose's conduct has caused him injury.  (*Id.* ¶ 25.)  Mr. Kelly requests money damages.  (*Id.* at 19.)

**DISCUSSION**

## I.   STANDARD OF REVIEW

In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, the complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims that are advanced in the complaint.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## II.   ANALYSIS

### A.   Jurisdiction

As a threshold matter, Mr. Kelly alleges that federal diversity jurisdiction under 28 U.S.C. § 1332 allows the Court to consider his claims.  (Compl. ¶ 9.)  Diversity jurisdiction of state law claims under 28 U.S.C. § 1332 requires an amount in controversy that exceeds $75,000 and complete diversity of citizenship among the litigants.  *See* 28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same

state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

Here, there is complete diversity of citizenship because Mr. Kelly is a citizen of Wyoming, the defendant is a citizen of Minnesota, and the amount in controversy exceeds $75,000. Thus, the Court has diversity jurisdiction over this action.

###    B.    Failure to State a Claim

An IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (noting that a district court may dismiss an action filed IFP "at any time" if the court determines that the action fails to state a claim on which relief may be granted); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). Here, Mr. Kelly's complaint fails because neither of his claims establish a plausible claim under Minnesota law.

First, Mr. Kelly claims that the Plaid Moose acted as a leasing agent for Southgate Apartments without the proper authority. However, Mr. Kelly fails to allege how this conduct violates Minnesota state law (or which Minnesota state law(s) was purportedly violated). Although *pro se* complaints are liberally construed, courts are not required to comb through pleadings on behalf of the plaintiff in search of plausible causes of action.

*See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("A district court . . . is not required to divine the litigant's intent and create claims that are not clearly raised.") (internal quotation marks and citation omitted).  Accordingly, Mr. Kelly's first claim fails as a matter of law.

Second, Mr. Kelly claims that the Plaid Moose violated his right to privacy by providing the property manager at Southgate Apartments with his phone number without his consent.  Minnesota state law recognizes three causes of action which are generally referred to as torts of invasion of privacy: publication of private facts, appropriation of the name or likeness of another, and intrusion upon seclusion.  *See Lake v. Wal-Mart Stores, Inc.*, 582 N.W.2d 231, 236 (Minn. 1998).  None apply here.

Publication of private facts is an invasion of privacy tort involving the publication of a matter concerning another's private life.  *Id.* at 233.  The private matter that is publicized must be (1) highly offensive to a reasonable person and (2) not of legitimate concern to the public.  *Id.*  A matter is publicized if it is "made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."  *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 557 (Minn. 2003) (internal quotation omitted).  Here, Mr. Kelly alleges that the Plaid Moose disclosed his phone number to one person: the property manager of Southgate Apartments.  However, the alleged publication of Mr. Kelly's phone number to one person is insufficient as a matter of law to meet the publicity

standard.  *See Robins v. Conseco Fin. Loan Co.*, 656 N.W.2d 241, 245 (Minn. Ct. App. 2003) (affirming summary judgment in favor of defendant where plaintiff established that defendant disseminated private information "only to one fellow employee").

The tort of appropriation "protects an individual's identity."  *Lake*, 582 N.W.2d at 233.  Appropriation occurs when a party appropriates another's name or likeness for his own use or benefit.  *Id.*  Here, Mr. Kelly alleges no facts to suggest that the Plaid Moose appropriated his name or likeness for its own benefit.

Finally, intrusion upon seclusion occurs when a party "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns."  *Id.*  The intrusion must be "highly offensive to a reasonable person."  *Id.*  Here, there are no allegations detailing the "intrusion" that resulted in Plaid Moose obtaining Mr. Kelly's phone number.  *See Jones v. Walgreens Co.*, No. A11-1261, 2012 WL 1658895, at *4 (Minn. Ct. App. May 14, 2012) ("An intrusion can be a physical intrusion into a private place or an intrusion made by defendant's senses, such as overhearing plaintiff's private affairs.") (citation omitted).  Further, the Court is doubtful that the conduct in question—a Plaid Moose employee communicating Mr. Kelly's phone number to a third-party without his consent—would be highly offensive to a reasonable person, particularly where, as here, Mr. Kelly ultimately rented an apartment from that third-party and the phone number that was purportedly disclosed is likely available through other sources,

such as the internet.   Accordingly, Mr. Kelly has failed to plead a plausible claim for invasion of privacy under Minnesota law.

Upon close review of Mr. Kelly's complaint, the Court finds that the complaint—even when liberally construed—fails to set forth any facts from which the Court could discern a valid cause of action.[1]

## CONCLUSION

Mr. Kelly has failed to establish a plausible claim under Minnesota state law. Accordingly, the Court will dismiss the entirety of this action without prejudice for failure to state a claim on which relief may be granted.[2]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court will therefore deny Mr. Kelly's IFP application as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's Complaint (Docket No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

---

[1] Although Mr. Kelly claims that he suffered religious-based discrimination, harassment, and unlawful intimidation while residing at the Southgate Apartments, the Southgate Apartments is not a named defendant to this action.  Further, even if it were, these allegations are entirely conclusory and thus disregarded for purposes of determining whether Mr. Kelly has established a plausible cause of action over which this Court has jurisdiction.  *See Iqbal*, 556 U.S. at 680 (noting that courts consider "the well-pleaded, nonconclusory" factual allegations to determine whether the complaint gives rise to a plausible cause of action).

[2] The Court is dismissing the complaint without prejudice.  Dismissal without prejudice means that a plaintiff can re-file a complaint at a later date after making the necessary changes.

2.      Plaintiff's IFP Application (Docket No. 2) is **DENIED AS MOOT**.


       **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  November 15, 2023                 _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                          United States District Judge