## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

STEPHEN P. KELLY,

                                         Civil No. 23-3358 (JRT/TNL)

                   Plaintiff,

v.

PLAID MOOSE INC., THE,            **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON**

                   Defendant.                 **APPEAL**

Stephen P. Kelly, General Delivery, Jackson, MN 56143, *pro se* Plaintiff.

Plaintiff Stephen P. Kelly filed an action against Plaid Moose Inc. for unauthorized leasing activity and disclosure of his personal phone number. He applied to proceed in forma pauperis ("IFP"). The Court dismissed his Complaint without prejudice for failing to state a claim upon which relief can be granted and denied his IFP application as moot. Mr. Kelly seeks to appeal the Court's order and proceed IFP on appeal. Because his appeal is not taken in good faith, the Court will deny his application to proceed IFP on appeal. Additionally, the Court has been divested of jurisdiction of Mr. Kelly's motion to amend his Complaint and as such will not reach a decision on that motion.

### BACKGROUND

In September 2023, Mr. Kelly visited the Plaid Moose coffee shop in Slayton, Minnesota. (Compl. ¶¶ 2, 14, Nov. 1, 2023, Docket No. 1.) During his visit, a Plaid Moose

employee, Tonya, offered him a leasing application for the Southgate apartment complex ("Southgate"). (*Id.* ¶ 15.) Initially, Mr. Kelly informed Tonya that he was not interested in the leasing application, but at her persistence he ultimately rented an apartment at Southgate. (*Id.* ¶¶ 17, 20–21.) Mr. Kelly claims that while living at Southgate, he suffered religious discrimination, harassment, unlawful intimidation, and emotional hardship. (*Id.* ¶¶ 20–21.) Additionally, Mr. Kelly accuses Tonya of providing his phone number to Southgate without his consent. (*Id.* ¶ 19.)

Mr. Kelly filed his Complaint alleging that Plaid Moose and Tonya were working as unauthorized leasing agents for Southgate and that Tonya unlawfully disclosed his phone number to Southgate. (*Id.* ¶¶ 23–24.) He applied for IFP status. (Appl. Proceed in District Ct. without Prepaying Fees or Costs, Nov. 1, 2023, Docket No. 2.) The Court dismissed Mr. Kelly's Complaint without prejudice because he failed to state a claim upon which relief could be granted and denied his IFP application as moot. (Mem. Op. & Order Dismissing Case at 7–8, Nov. 15, 2023, Docket No. 3.) Mr. Kelly now wishes to appeal that dismissal and proceed IFP on appeal. (Notice Appeal, Nov. 29, 2023, Docket No. 6; Appl. Proceed IFP on Appeal, Dec. 15, 2023, Docket No. 10.) Additionally, Mr. Kelly filed a motion to redact certain claims or file an amended civil complaint. (Mot., Nov. 16, 2023, Docket No. 5.)

**DISCUSSION**

I.    **STANDARD OF REVIEW**

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith.  *Id*. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.  *Cf. Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Legal frivolity includes when "none of the legal points are arguable on their merits."  *Id.* (cleaned up).

A party to a district court action who desires to appeal IFP must also file a motion in the district court and attach an affidavit that (1) shows inability to pay or to give security for fees and costs; (2) "claims an entitlement to redress"; and (3) "states the issues that the party intends to present on appeal."  Fed. R. App. P. 24(a)(1); *see also* 28 U.S.C. § 1915(a)(1) (requiring the same).

II.   **ANALYSIS**

Mr. Kelly describes three issues he intends to present on appeal: (1) that the Court improperly evaluated the merits of his case before granting IFP status, (2) that the Court

contradicted itself in the standard of review for pro se complaints, and (3) that instead of dismissal, the Court should have allowed Mr. Kelly to amend his Complaint.  All these arguments merely disagree with the process the Court took in evaluating Mr. Kelly's Complaint and initial IFP application.  But the Court abided by accepted legal procedure. Thus, Mr. Kelly presents no issues that could be appealed in good faith.

### 1.    IFP Procedure

Mr. Kelly first takes issue with the procedure the Court followed when reviewing his initial Complaint and IFP application.  He argues that the Court erred when it evaluated the merits of his Complaint before determining his IFP status.  Instead, he claims, the Court should have first granted him IFP status before substantively reviewing his Complaint.  Upon a finding that the Complaint lacked cognizable legal claims, the Court then could have revoked his IFP status.

The Court understands how one could logically take this position, but legally, it is not the procedure required under the IFP statute nor the practice in the District of Minnesota.[1]  The IFP statute specifically instructs the Court to "dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The statute does not instruct the Court to grant IFP status before reaching the substance of the claim.

---

[1] *See Devisme v. Ctr. Hous. Co.*, No. 22-1472, 2022 WL 2759092, at *2 (D. Minn. July 14, 2022); *Sailee v. Anoka Cnty.*, No. 8-6043, 2009 WL 57032, at *1 (D. Minn. Jan. 7, 2009); *Glover v. Tigani*, No. 23-171, 2023 WL 2753702, at *2–5 (D. Minn. Mar. 31, 2023).

This procedure makes practical sense as well.  Conducting a substantive evaluation contemporaneously with an application for IFP status streamlines the process not only for the Court but also for the parties.  The Court followed the prescribed procedure, so Mr. Kelly's disagreement does not create a legal issue for appeal.

### 2.      Standard of Review

Mr. Kelly next argues that the Court contradicted itself in applying the standard of review.  This argument stems from two of the Court's statements: (1) that courts are to take all factual allegations in the Complaint as true and draw all inferences in plaintiff's favor, and (2) that courts need not comb through the pleadings to find a plausible cause of action.  Mr. Kelly contends that these two statements directly contradict each other.  However, they can, and do, coexist.

The two statements above relate to different steps in reviewing the Complaint.  First, the Court takes all factual allegations as true.  The Court did that here.  Then, the Court analyzes those facts, assumed to be true, to determine if any legal claims have been stated.  Courts must liberally construe pro se complaints, but they are not required to invent legal claims.  *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) (describing that courts are not required to "create claims that are not clearly raised").  The Complaint simply contained no information about how the Plaid Moose, or its employee Tonya, violated any Minnesota laws by providing a leasing application or pestering Mr.

Kelly to accept the application.[2]  The Court found that even if it were true that the Plaid Moose, through its employee Tonya, insisted Mr. Kelly apply for a lease at Southgate, the Complaint failed to allege any violations of Minnesota Law.

With respect to Mr. Kelly's invasion of privacy claim, the Court investigated three potential privacy tort violations and dispelled each one.  The claim Mr. Kelly relies on in his notice of appeal, publication of private facts, failed because the Court determined as a matter of law that even if Tonya had disclosed Mr. Kelly's phone number without his consent, that did not rise to the level of publicity required under Minnesota Law.  *C.L.D. v. Wal-Mart Stores, Inc.*, 79 F. Supp. 2d 1080, 1085 (D. Minn. 1999) (collecting cases describing disclosure to a few people as insufficiently publicized).  The Court found that even if it were true that Mr. Kelly's telephone number had been disclosed, the legal claim failed.

Additionally, the Court analyzed all potential privacy claims based on Mr. Kelly's pleadings even though he just described it as "privacy disclosure."  (Compl. ¶ 24.)  The Court diligently evaluated potential claims.  Nothing suggests the Court did anything but follow the proper procedure for evaluating Mr. Kelly's Complaint.  Thus, Mr. Kelly's claim that the Court contradicted itself is legally frivolous.

---

[2] The Court recognizes that Mr. Kelly makes accusations about religious discrimination and harassment, but those claims relate to Southgate conduct and Southgate is not a party to this case.

### 3.    Leave to Amend

Mr. Kelly's final argument on appeal is that the Court erred when it dismissed his Complaint instead of providing leave to amend or an opportunity to argue for reconsideration.  This argument has two prongs.  First, whether the Court has jurisdiction to rule on Mr. Kelly's motion to amend.  And second, whether Mr. Kelly's appeal of the dismissal is taken in good faith.

Mr. Kelly filed a motion to amend his Complaint, but he filed a notice of appeal before the Court could respond.  "Once a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999).  Because the issue of amending the Complaint is on appeal, the Court no longer has jurisdiction to decide Mr. Kelly's motion to amend.

With respect to his appeal, Mr. Kelly does not present any substantive issues the Eighth Circuit could entertain on appeal.  Instead, he objects to the fact that the Court dismissed his Complaint without prejudice as opposed to providing him leave to amend.  As a matter of law, the Court, upon a finding of no sufficient legal claims, must dismiss the complaint.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Eighth Circuit has specifically upheld this process of dismissal without leave to amend.  *Cf. Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).  Because Mr. Kelly again merely disagrees with the legally supported procedure taken by the Court, his appeal is legally frivolous.

**CONCLUSION**

Mr. Kelly asked the Court to proceed IFP on appeal regarding three issues he has with the Court's previous order.  Though Mr. Kelly disagrees with how the Court reached its opinion, he does not present any legal issues for appeal.  Because his appeal would not be taken in good faith, the Court will deny Mr. Kelly's application to proceed IFP on appeal. Mr. Kelly also moves for leave to amend his Complaint.  Because Mr. Kelly filed a notice of appeal, the Court no longer has jurisdiction to consider his motion to amend.  The Court understands Mr. Kelly may be frustrated by the outcome, but his Complaint was dismissed without prejudice.  Without prejudice means that Mr. Kelly can fix any deficiencies and refile his Complaint without permission from the Court or the Eighth Circuit.  But the Court cannot consider his motion to amend while the appeal is pending.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis on Appeal [Docket No. 10] is **DENIED**.

DATED:  February 21, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge