## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

STEPHEN P. KELLY,

                      Civil No. 23-3358 (JRT/TNL)

           Plaintiff,

v.

                        **ORDER DENYING PLAINTIFF'S MOTION**

PLAID MOOSE INC., THE,               **FOR LEAVE TO AMEND**

           Defendant.

Stephen P. Kelly, General Delivery, Jackson, MN 56143, *pro se* Plaintiff.

The Court previously dismissed Kelly's complaint, the details of which the Court recounted in prior orders, for failure to state a claim. *See Kelly v. Plaid Moose Inc.*, No. 23-3358, 2023 WL 7697052, at *1, 3 (D. Minn. Nov. 15, 2023); *Kelly v. Plaid Moose Inc.*, No. 23-3358, 2024 WL 714080, at *1 (D. Minn. Feb. 21, 2024). Kelly then filed a motion to redact claims or file an amended complaint. (Mot., Nov. 16, 2023, Docket No. 5.) But before the Court could address Kelly's motion, he appealed the Court's order dismissing this action. (Notice of Appeal, Nov. 29, 2023, Docket No. 6.) Accordingly, the Court was divested of jurisdiction to rule on Kelly's motion for leave to amend. *See Kelly*, 2024 WL 714080, at *3. The Eighth Circuit has since remanded the case "for the limited purpose" of allowing the Court to rule on Kelly's motion for leave to amend. (Order, Apr. 26, 2024, Docket No. 17.) Now with jurisdiction, the Court will deny Kelly's motion for leave to amend.

Although the Court liberally construes pleadings filed by pro se litigants, pro se parties are not excused from complying with substantive and procedural law. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). District of Minnesota Local Rule 15.1[1] requires that "[a]ny motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading." D. Minn. LR 15.1(b). Kelly's motion for leave to amend includes neither of the above.[2] And without a proposed amended complaint, the Court is unable to determine whether it should grant leave to amend, including whether an amended complaint would state a claim on which relief could be granted or whether amendment would be futile. *See Hammer v. City of Osage Beach,* 318 F.3d 832, 844 (8th Cir. 2003); *Lunsford v. RBC Dain Rauscher, Inc.*, 590 F. Supp. 2d 1153, 1158 (D. Minn. 2008). Accordingly, the Court will deny Kelly's motion for leave to amend.

---

[1] The Court's Local Rules are available on the Court's website, https://www.mnd.uscourts.gov/court-info/local-rules-and-orders.

[2] Although Kelly styles his motion as one to amend his complaint or redact certain claims, the Court will liberally construe the motion as one for leave to amend. Redacting claims would still require Kelly to amend his complaint.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Plaintiff's Motion to Redact Certain Claims, or File an Amended

Civil Complaint [Docket No. 5] is **DENIED**.

DATED:  May 14, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge